UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FERNANDUS CORTEZ ELLEN,

        Petitioner,                 Case No. 2:20-cv-11418
                                          Honorable Sean F. Cox

v.

JOHN CHRISTIANSEN,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 3], DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Fernandus Cortez Ellen, a Michigan state prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. In it, he challenges his jury trial conviction in Wayne County Circuit Court for voluntary manslaughter, Mich. Comp. Laws § 750.321, for which he is serving a prison term of ten to fifteen years. Petitioner argues he was deprived of a fair trial due to prosecutorial misconduct and evidentiary errors. Also before the Court is Petitioner's motion for appointment of counsel. ECF No. 3.

Because the state court decisions rejecting Petitioner's claims were objectively reasonable, he is not entitled to habeas relief. Accordingly, the Court will

deny the petition for a writ of habeas corpus. The Court also declines to issue a certificate of appealability or to grant Petitioner leave to proceed *in forma pauperis* on appeal. Petitioner's motion for appointment of counsel is also denied. An explanation follows.

## I. Background

The Michigan Court of Appeals provided the following summary of Petitioner's case:

> Defendant's conviction arises from his violent assault of Jonas Johnson, Jr., in Detroit, Michigan, on August 21, 2013. Eyewitnesses testified that defendant approached Johnson, who was sitting in front of an apartment building, and repeatedly asked him about a sexual act while tapping him with his phone. After asking defendant to stop tapping him and to stop disrespecting him multiple times, Johnson punched defendant in his head or neck. Defendant then struck Johnson, causing Johnson to fall backward and strike his head on the cement. Johnson did not move after falling on the ground, but defendant continued to hit, stomp, and kick his head. Defendant then used a nearby milk crate to strike Johnson's chest or head several more times. Johnson sustained severe injuries and never regained consciousness, dying in a medical rehabilitation facility on October 7, 2013.
>
> The prosecution charged defendant with second-degree murder, MCL 750.317. Defendant was acquitted of that charge, but convicted of voluntary manslaughter, MCL 750.321, a lesser included offense of murder.

*People v. Ellen*, No. 325627, 2016 WL 5405231, at *1 (Mich. Ct. App. Sept. 27, 2016), *rev'd in part*, *appeal denied in part*, 501 Mich. 905, 902 N.W.2d 612 (2017).

Petitioner filed a direct appeal by right, raising issues of prosecutorial misconduct, evidentiary errors, and a disproportionate and unreasonable sentence.

2

Ct. App. Rec., ECF No. 9-12, PageID.739. The Michigan Court of Appeals affirmed Petitioner's conviction but remanded the case to the trial court for reconsideration of its sentence. *Ellen*, 2016 WL 5405231, at *8.

Petitioner and the prosecution filed applications for leave to appeal to the Michigan Supreme Court. That Court remanded Petitioner's case to the court of appeals to review his sentencing claim, but otherwise denied leave because it was "not persuaded that the remaining questions presented should be reviewed by this Court." *People v. Ellen*, 501 Mich. 905, 902 N.W.2d 612, 613 (2017) (Mem). The state supreme court issued its final order in his case November 27, 2019. *People v. Ellen*, 505 Mich. 873, 935 N.W.2d 360, 361 (2019) (Mem).

This habeas petition followed. Petitioner raises two claims of error:

I. Prosecutorial misconduct or error deprived Petitioner of his Due Process rights to a fair trial.

II. The Trial Court erred in allowing the introduction of improper character evidence and speculative questioning in violation of state rules of evidence, denying Petitioner's Due Process rights to a fair trial.

## II. Legal Standard

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case.'" *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively

4

unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings . . . and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation and citation omitted). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102. Pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. Although section 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, a federal court may grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id*. A "readiness to

5

attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. The requirements of clearly established law are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief. *Parker v. Matthews*, 567

U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id.*; *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. Discussion

**A. Prosecutorial Misconduct**

Petitioner first contends he was denied a fair trial because the prosecutor's argument on rebuttal invoked jurors' civic duty in violation of Michigan case law. Pet. Br., ECF No. 1, PageID.32. He challenges the following statement by the prosecutor: "Ladies. And gentlemen this is your world you're creating it. [sic] This is your community. You're deciding what you want is acceptable and not acceptable . . ." Trial Tr., 12/4/2014, ECF No. 9-10, PageID.596-97. Petitioner acknowledges

7

that the United States Supreme Court has not addressed this issue. ECF No. 1, PageID.33.

The state courts rejected Petitioner's claim. Agreeing with Petitioner that "prosecutors should not resort to civic duty arguments[,]" the court found the prosecutor here had not in fact done so. *Ellen*, 2016 WL 5405231, at *1 (citations omitted). Instead, the court held the challenged statements were a proper response to defense counsel's closing argument. *Id*. at *1. It found "her statements were directly related to the evidence admitted at trial and . . . her arguments, in effect, urged the jurors to rely on their common sense . . ." *Id*. at *2.

The "clearly established Federal law" governing when prosecutorial misconduct rises to constitutional error is found in *Darden v. Wainwright*, 477 U.S. 168 (1986). *Parker v. Matthews*, 567 U.S. 37, 45 (2012) (citing *Darden*). Prosecutorial misconduct violates the Constitution only if a prosecutor's comments "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id*. (quoting *Darden*, 477 U.S. at 181). Even where prosecutors' statements are so extreme as to be "universally condemned," the inquiry remains whether due process was denied. *Darden*, 477 U.S. at 181. On habeas review, the AEDPA raises the bar even higher than the "high standard" set by *Darden*. *Halvorsen v. White*, 746 F. App'x 489, 499 (6th Cir. 2018). To obtain habeas relief, "[t]he misconduct must so clearly violate *Darden* that the state court's failure to

8

identify it was not just erroneous, but 'objectively unreasonable.'" *Id.* at 497 (citing *Williams*, 529 U.S. at 409).

These brief remarks here could not have "so infected the trial with unfairness" that Petitioner was denied due process. Even if the argument could be perceived to invoke the jury's civic duty, "fairminded jurists could disagree" with that interpretation, and this Court must defer to the state court's decision. *Harrington*, 562 U.S. at 101.

Further, the trial court instructed the jury that its verdict must be based only on properly admitted trial evidence, that what the lawyers say is not evidence, and that it must not let prejudice or sympathy influence its decision. Trial Tr., 12/4/2014, ECF No. 9-10, PageID.601-03. Jurors are presumed to follow the court's instructions. *United States v. Powell*, 469 U.S. 57, 66 (1984). This defeats Petitioner's argument that the purported "civic duty" argument deprived him of a fair trial. *Knapp v. White*, 296 F. Supp. 2d 766, 776 (E.D. Mich. 2003).

Finally, as Petitioner has acknowledged, no clearly-established Supreme Court precedent on this issue exists which would dictate a different result. The state court's decision was objectively reasonable. Petitioner is not entitled to habeas relief on this issue.

9

**B. Evidentiary errors**

    1.   <u>Improper character evidence</u>

Petitioner next argues that the prosecutor's question to a witness, whether she had ever heard that Petitioner had pulled a gun on someone, was improper character evidence under Michigan Rules of Evidence and violated his due process right to a fair trial. The state court of appeals agreed with Petitioner that asking about his prior gun-related conduct was error, and that the prosecution provided no basis for admitting the evidence. *Ellen*, 2016 WL 5405231, at *4. However, "the improper questioning did not produce any actual inadmissible character evidence." *Id*. Accordingly, it did not undermine the reliability of the verdict and was harmless. *Id*.

"[E]rrors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (quoting *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983). It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Rather, a federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id*.; *see also* 28 U.S.C. § 2253(c)(2). The Supreme Court has analyzed questions regarding prior acts evidence, analogous to Michigan Rule of Evidence 404(b), the basis of Petitioner's claim here. *See Bugh v. Mitchell*, 329 F.3d 496, 513

(6th Cir. 2003) (citing *Old Chief v. United States*, 519 U.S. 172 (1997); *Huddleston v. United States*, 485 U.S. 681 (1988)). However, "it has not explicitly addressed the issue in constitutional terms." Accordingly, there is no clearly-established precedent which would support Petitioner's claim for habeas relief.

"If a ruling is especially egregious and 'results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief.'" *Wilson v. Sheldon*, 874 F.3d 470, 475 (6th Cir. 2017) (citing *Bugh*, 329 F.3d at 512). In general, however, state courts' rulings on the admissibility of evidence will not be found to violate due process "unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Id*. at 475-76 (quoting *Seymour*, 224 F.3d at 552) (internal quotation marks and alterations omitted). "Ultimately, states have wide latitude with regard to evidentiary matters under the Due Process Clause." *Id*. at 476.

Petitioner's claim of error is based on a state rule of evidence and is thus non-cognizable on habeas review. *Bey*, 500 F.3d at 519. Further, the state court's ruling is not at all "egregious" nor a "denial of fundamental fairness." *Wilson*, 874 F.3d at 475. The prosecutor's question may have been improper, but the witness's response was that she had no knowledge whether Petitioner had threatened other people with a gun, nor was she aware of his reputation. Accordingly, the state court's finding that Petitioner's due process rights were not violated is objectively reasonable.

11

2. Speculative questioning

Petitioner also contends that a question to a witness was improperly speculative and highly prejudicial. The witness described Petitioner tapping the victim with his cellphone "while making remarks about 'head shots.'" *Ellen*, 2016 WL 5405231, at *5. Asked what the term meant, the witness responded, "[H]e wanted him to suck his thing." *Id*. Petitioner challenges this testimony over the prosecution's failure to lay a proper foundation for the witness's knowledge of the term, and because it was "merely speculation" and "unduly prejudicial." *Id*.

The state court determined that the witness's explanation of the term aided the jury's understanding of her testimony and the circumstances of the crime. *Id*. at *6. However, it acknowledged no foundation had been laid for the testimony and it was not admissible. *Id*. Nonetheless, the court found the error harmless as it did not undermine the reliability of the verdict. *Id*.

Again, Petitioner's challenge is brought under state rules of evidence, specifically Mich. R. Ev. 701, governing lay witness testimony. *Id*. Accordingly, this state law issue is non-cognizable in habeas. *Bey*, 500 F.3d at 519. Further, as with the character evidence above, the court of appeal's decision was not a denial of Petitioner's due process right to a fair trial.

Petitioner disagrees, having concluded his argument on this issue with the assertion he was denied his right to a fair trial under the Sixth and Fourteenth

12

Amendments. Pet. Br., ECF No. 1, PageID.42. But "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)). Against the due process standards cited above, the court of appeals' decision was not egregious, nor did it offend some fundamental and deeply rooted principle of justice. *Wilson*, 874 F.3d at 475-76. The state court's finding Petitioner was not deprived of his due process right to a fair trial was objectively reasonable.

## C. Motion for appointment of counsel

Petitioner alleges in his motion for appointment of counsel that he is unable to retain an attorney, that his issues are complex and beyond his grasp, and that with an attorney, he has a reasonable chance of succeeding. (ECF No. 3.) However, "there is no constitutional right to counsel in habeas proceedings." *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991)). The decision to appoint counsel for a federal habeas petitioner is discretionary and appointment is appropriate only when the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).

"Habeas corpus is an extraordinary remedy for unusual cases[.]" *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). As a result, the appointment of counsel is required "only 'if, given the difficulty of the case and the litigant's

13

ability, [he] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side.'" *Id.* (citing *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997)); *see also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (courts should consider "the type of case and the ability of the plaintiff to represent himself" in determining whether to appoint counsel in civil matters). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required; if not, appointment is discretionary. *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004).

Here, Petitioner has ably represented himself in his habeas petition and accompanying brief. His habeas claims have been presented in a clear and logical manner with references to case law, including the correct habeas standards, and citations to the record. However, even with counsel, Petitioner could not prevail on his claims for habeas relief, because he has not shown he is being held in violation of his constitutional rights. Nor is Petitioner entitled to an evidentiary hearing, because no additional fact-finding is necessary nor were the state court's factual determinations unreasonable. *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (citations omitted). For those reasons, the appointment of counsel would be futile and would not serve the interest of justice. Therefore, the motion for appointment of counsel (ECF No. 3) will be denied.

## IV. Conclusion and Order

For the reasons stated above,

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED WITH PREJUDICE.

IT IS FURTHER ORDERED that Petitioner's motion to appoint counsel (ECF No. 3) is DENIED.

The Court declines to issue a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Additionally, reasonable jurists could not disagree with the Court's resolution of Petitioner's constitutional claims, nor conclude that the issues presented deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court also denies leave to proceed *in forma pauperis* on appeal from this decision. Although Petitioner was granted *in forma pauperis* status in this Court (ECF No. 4), an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

IT IS SO ORDERED.

Dated: March 12, 2021

s/Sean F. Cox
Sean F. Cox
U. S. District Judge